ERNESTO FERNANDO SCHLÜTER, Plaintiff and Appellee *v.* GUSTAVO MUÑOZ DÍAZ ET AL., Defendants and Appellants.

No. 5531. Argued April 26, 1932.—Decided May 6, 1932.

*L. Llorens Torres* and *González Fagundo & González Jr.* for appellants. *E. Campos del Toro* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Ernesto Fernando Schlüter brought, on July 19, 1929, a summary foreclosure proceeding against Dr. Gustavo Muñoz Díaz and his wife to recover a certain sum secured by a mortgage, and after the demand for payment was served on the defendants on August 8 following, said defendants filed a

motion alleging various reasons why the court should annul the proceeding for lack of jurisdiction, and that pending a determination of that question the proceeding be suspended and the public sale of the mortgaged property be stayed. Three days after the motion had been filed, the creditor, in agreement with the debtors, presented a motion requesting the court not to consider the previous motion and stating that the plaintiff granted the defendants until June 30, 1930, to pay the debt claimed, it being further agreed that if the defendants had not paid plaintiff by said date, the latter would proceed to ask for the sale at auction of the mortgaged property. The court accepted said agreement and dismissed the motion that had been presented by defendants, and ordered a stay of the public sale that had been set for May 22, 1930.

On August 22, 1930, after the extension of time to pay granted by plaintiff to defendants had expired, and five days before the date set for the new public sale, defendants presented a motion to the court requesting a stay of that sale, which had been set for the 27th day of the same month. The motion also prayed for a suspension of the foreclosure proceeding and its dismissal with costs to the plaintiff. It was alleged in the motion that as the proceeding had been suspended by the extension of time granted, a new demand for payment was necessary and so also a new certificate from the registry of property in the manner provided by article 172 of the Mortgage Law Regulations. It was further alleged that the previous demand for payment was null because it demanded payment of a certain sum for costs and attorney's fees not determined by any judicial decision, and that, the new order setting August 27 for the public sale had been appealed by the defendants. Plaintiff objected to said motion and the court denied the same on November 1, 1930, and ordered the continuation of the proceeding. From this decision the present appeal was taken by the defendants on

November 10, 1930. The transcript before us does not show whether the sale took place on August 27, or whether it was stayed, as the motion of defendants had not been decided at that time.

Appellant's argument both in the lower court and in this Court is that, inasmuch as the plaintiff after instituting the summary foreclosure proceeding had granted the debtors an extension of time to pay until June 30, 1930, subject to the condition that upon their failure to do so on that date, the creditor would demand a public sale of the mortgaged property, there was a novation by virtue of which the debt would not become due until said date, and hence the proceeding should have been dismissed and a new one brought after June 30, 1930, if at that time the debt remained unpaid and a recovery by judicial action were sought. Neither that question nor the issues raised by appellants in the motion, the denial of which gave rise to this appeal, could be raised by the defendants in a summary foreclosure proceeding, for article 175 of the Mortgage Law Regulations provides that a summary foreclosure proceeding can not be suspended by incidental issues or any other proceeding at the instance of the debtor or the third person in possession, nor by any other person appearing as an interested party excepting the three cases mentioned, appellants' not being one of them, and that all other claims that may be brought either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction, or amount of the debt shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings. Consequently, the lower court was correct in denying the motion of appellants, and the order appealed from must be affirmed.

Mr. Justice Hutchison concurs in the result.